IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Timothy D. Brown,<br><br>    Plaintiff,<br><br>vs.<br><br>VSC Fire & Security, Inc.<br><br>    Defendant. | Civil Action No.: 4:15-05031-BHH<br><br>**ORDER AND OPINION** |

  This matter is before the Court on Plaintiff's motion to remand (ECF No. 12) and Defendant's motion to dismiss (ECF No. 6). For the reasons set forth below, the court grants the motion to remand and denies the motion to dismiss as moot.

## BACKGROUND AND PROCEDURAL HISTORY

  Plaintiff filed a complaint in the Court of Common Pleas of Horry County on November 25, 2015, for claims arising out of the termination of his employment at Defendant VSC Fire and Security, Inc. ("VSC"). The complaint alleges claims of wrongful termination in violation of public policy, violation of South Carolina Payment of Wages Act, violation of Fair Labor Standards Act ("FLSA"), conversion, and unjust enrichment. (ECF No. 1-1 at 6–8.)

  VSC filed a notice of removal on December 12, 2015, asserting both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 at 1.) On December 22, 2015, VSC filed a motion to dismiss Plaintiff's first and third causes of action; specifically, wrongful termination and violation

1

of FLSA. (ECF No. 6.) On January 8, 2016, Plaintiff filed a motion to remand back to state court. (ECF No. 12.)

## STANDARD OF REVIEW

The right to remove a case from state court to federal court derives from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Pohto v. Allstate Ins. Co.*, No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court."). Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

## DISCUSSION

Plaintiff asks the Court to remand this action back to the Court of Common Pleas for Horry County. (ECF No. 12 at 1.) He argues that there is no diversity of citizenship

2

and that the amount in controversy does not exceed $75,000.[1] (ECF No. 12 at 4.) In support, Plaintiff has submitted a stipulation as to damages, wherein his attorney expressly states, *inter alia*, that (1) the entire amount of damages being sought does not exceed $75,000.00; (2) Plaintiff will not seek to recover any verdict exceeding the sum of $74,999.99; and (3) Plaintiff will agree to remittitur of the verdict to the amount of $74,999.99 in the event any jury verdict is in excess of $75,000.00. (ECF No. 22 at 1.)

Plaintiff, a citizen of the State of South Carolina, recognizes that VSC, a foreign corporation, is incorporated in the State of Virginia. He argues that diversity of citizenship does not exist, however, because VSC maintains a business in Charleston, South Carolina and is registered with the South Carolina Secretary of State and maintains registered agents and business properties in South Carolina. (ECF No. 12 at 1.) Plaintiff appears to contend that VSC is therefore also incorporated in South Carolina, citing, *Hancock v. Southern Cotton Oil Co.*, 45 S.E.2d 850 (S.C. 1947), and *Tucker v. Ingram*, 198 S.E. 25 (S.C. 1938). (*Id.*) Both *Hancock* and *Tucker* are inapplicable here, however, as they address state law rules regarding venue. *See Hancock*, 45 S.E.2d at 854 (finding that, for venue purposes, a foreign corporation resides in any county where the corporation maintains an agent and office for the transaction of business); *Tucker*, 198 S.E. at 26 (same). Plaintiff has failed to cite any proper authority for his assertion that a corporation is incorporated wherever it maintains a business.

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). VSC has submitted an affidavit

---

[1] Plaintiff has conceded the dismissal of his claim for violation of FLSA. Accordingly, there is no federal question jurisdiction.

averring that its principal place of business is in Virginia. (ECF No. 1-2 at 2.) Accordingly, because VSC is not incorporated in South Carolina and does not have its principal place of business in South Carolina, it cannot be deemed a citizen of South Carolina for the purposes of diversity jurisdiction. § 1332(c)(1). Accordingly, the Court cannot grant Plaintiff's motion to remand on this basis.

However, remand may still be appropriate if the amount in controversy does not exceed $75,000.00. In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). "Additionally, this court has made clear that, ordinarily, the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, *e.g.*, *St. Paul Mercury Indem. Co.*, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations omitted).

Various jurisdictions have found that a post-removal stipulation "that damages will not exceed the jurisdictional minimum" can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint. *See Ferguson v. Wal–Mart Stores, Inc.*, No. 94–2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (unpublished) (remanding case when the plaintiff alleged an unspecified

4

amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Gwyn v. Wal–Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount. (internal citation and quotation marks omitted)); *Tommie v. Orkin, Inc.*, No. 8:09–1225, 2009 WL 2148101, at *2 (D.S.C. July 15, 2009) (same); compare *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 532–33 (D.S.C. 1999) (distinguishing *Ferguson* ).

Here, Plaintiff did not specify an amount of damages in his complaint and has submitted a stipulation that he will not seek damages in excess of $75,000. (ECF Nos. 1-1; 22.) However, VSC argues that the complaint seeks damages in excess of $75,000, citing: (1) Plaintiff's claim for violation of SCPWA seeking "treble damages, attorneys [sic] fees and costs against Defendant[] and any other damages to which [he] may be entitled in an amount to be determined by the trier of fact" (ECF No. 1-1 at 7), and (2) Plaintiff's prayer for relief requesting "[j]udgment in favor of the Plaintiff and against Defendant in such an amount for punitives, pain and suffering, embarrassment, humiliation, shock and emotional distress in an amount to be determined by the trier of fact" (*Id.* at 9). (ECF No. 14 at 3–4.) VSC further contends that a request for "an award of unlimited punitive damages" renders removal appropriate, citing *Wall v. Fruehauf Trailer*

*Servs., Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005) and *Woodward*, 60 F. Supp. 2d 530, 531–32. (ECF No. 14 at 4.)

As an initial matter, courts within this district have found that a request for punitive damages will not necessarily preclude remand for failure to establish the amount in controversy required to exercise federal jurisdiction. *See, e.g.*, *Hamilton v. Ocwen Loan Servicing, LLC*, No. 9:12-CV-03111, 2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013) ("Plaintiffs' request for punitive damages alone does not show that the jurisdictional minimum has been met."); *Hagood v. Electrolux Home Prods., Inc.*, No. 8:06–1799, 2006 WL 1663804, at *2 (D.S.C. June 15, 2006) ("[I]t was never the intent of Congress for the federal courts to exercise jurisdiction over every state case in which punitive damages have been pled and the parties are of diverse citizenship."); *see also Cox v. Willhite Seed, Inc.*, No. 1:13-CV-02893, 2014 WL 6816990, at *1–*2 (D.S.C. Dec. 4, 2014) (remanding where complaint prayed "for an award of actual and punitive damages, cost and attorney's fees[,]" noting that plaintiff stipulated he was seeking less than $75,000 in total damages).

Further, *Wall* and *Woodward* do not convince the Court that remand is improper here. In *Wall*, the court found that the amount in controversy requirement was met where the plaintiff sought a statutory claim that awarded treble damages. 123 Fed. App'x. at 577. Notably, the plaintiff had not submitted any stipulation that he would not seek an award in excess of $75,000.00. In *Woodward*, the court denied the motion to remand where the plaintiff expressly refused to stipulate that he would not seek damages in excess of $75,000. 60 F. Supp. 2d at 533. Such facts do not exist here.

6

While Plaintiff seeks attorney's fees and treble damages in addition to punitive damages, his stipulation establishes that he does not seek damages in excess of $75,000 and he will agree to remittitur of the verdict to the amount of $74,999.99 in the event any jury verdict is in excess of $75,000.00. Accordingly, the Court finds that VSC has failed to bear its burden of establishing that the Court has diversity jurisdiction over this case. *See Crosby v. CVS Pharmacy, Inc.*, 409 F. Supp. 2d 665, 668 (D.S.C. 2005) ("The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled . . . [t]he defendant must produce evidence that establishes that the actual amount in controversy exceeds $[75],000." (internal citations and quotation marks omitted); *see also Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D.W. Va. 1999) ("To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000.00."). The Court cannot conclude with certainty that removal is proper. *See Barbour v. Int'l Union*, 640 F.3d 559, 605 (4th Cir. 2011) ("Doubts about the propriety of removal should be resolved in favor of remanding the case to state court."). "Allowing removal under a less stringent standard would allow removal in almost any case in which a plaintiff seeks punitive damages, thus effectively eviscerating the amount in controversy requirement." *Crosby*, 409 F. Supp. 2d at 667; *Spann v. Style Crest Prods., Inc.*, 171 F. Supp. 2d 605, 610 (D.S.C. 2001). Accordingly, the case must be remanded.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion to remand (ECF No. 12) is GRANTED. This case is hereby REMANDED to state court. Defendant's motion to dismiss (ECF No. 6) is therefore denied as MOOT.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
April 20, 2016